IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| LIDIA LOSOYA<br><br>    Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration<br><br>    Defendant | No. SA-14-CA-818 |

## MEMORANDUM OPINION AND ORDER

This is an action for judicial review of the Commissioner's decision denying the Plaintiff's application for disability insurance benefits and supplemental security income. Both the Plaintiff and the Defendant have filed their briefs, and the case is now ripe for decision.

On December 16, 2011, Plaintiff Lidia Losoya filed an application for Social Security disability insurance benefits and supplemental security income, claiming that she was unable to engage in substantial gainful activity because she suffered from a combination of severe impairments which rendered her unable to work. The application alleged an onset date of May 25, 2010. The Social Security Administration initially denied her claim on February 13, 2012. Reconsideration was denied on April 10, 2012.

On April 19, 2012, the Plaintiff requested a hearing before an Administrative Law Judge (ALJ).

On February 14, 2013, the Plaintiff was afforded a hearing before an Administrative Law Judge. She was represented by counsel, who requested leave to amend the onset date to May 17, 2012. The amendment was allowed. The ALJ proceeded to hear evidence, including the testimony of the Plaintiff and of a vocational expert, Robert D. Babcock, Ph.D. On May 28, 2013, the ALJ issued an opinion, holding that the Plaintiff was not disabled between the onset date of May 17, 2012, through the date of the decision. While acknowledging that Ms. Losoya suffered from several severe impairments, the ALJ concluded that she retained the residual functional capacity to perform light work. On July 18, 2014, the Appeals Counsel declined to review the decision, so that the denial of benefits became the final decision of the Commissioner. On September 16, 2014, the Plaintiff filed the present action for judicial review.

Plaintiff Lidia Losoya was born February 27, 1963. On the date of her hearing before the ALJ, she was 49 years-old, and within two weeks of her 50th birthday. In Social Security disability parlance, therefore, she was classified as a person "approaching advanced age". She had an eighth grade education, and had previously performed unskilled labor as a horticultural worker

and as a housekeeper in various motels, apartments, and homes. Prior to the alleged onset date of disability, she had undergone triple coronary artery bypass surgery, but apparently had made a full recovery. Subsequent treatment records indicated that she was not displaying symptoms of coronary artery disease.

On the alleged onset date, May 17, 2012, Ms. Losoya went to a hospital emergency room with symptoms suggesting a possible transient ischemic attack. It is unclear whether she actually experienced a TIA or a stroke, but if so, she appears to have recovered quickly. The incident does highlight the fact, however, that she does suffer from severe hypertension which has to be controlled with medication. In addition, she suffers from diabetes, which is not well controlled. In his decision, the ALJ concluded that Ms. Losoya did not have an impairment or a combination of impairments that met or equaled the severity of one of the impairments listed in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. Although he found, based on the testimony of the vocational expert, that Ms. Losoya was unable to perform any past relevant work, the ALJ concluded that she had the residual functional capacity for light work, in that she was capable of standing and walking 6 hours of an 8 hour day, sitting without limitation, lifting 20 pounds occasionally and 10 pounds frequently, and of occasional crouching, crawling, kneeling, and

stooping, as well as climbing stairs and ramps. Based on the testimony of Dr. Babcock, that jobs exist in significant numbers in the national economy that Ms. Losoya was capable of performing, his ultimate conclusion was that she is not disabled within the meaning of the statute and regulations.

The Plaintiff is requesting judicial review of the Commissioner's decision that she is not disabled. In that review process, the only questions before the Court are: (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the Commissioner applied the proper legal standards in evaluating the evidence. "Substantial evidence" is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. **Richardson v. Perales**, 402 U.S. 389, 401 (1971). The Court is not authorized to reweigh the evidence, try the issues **de novo**, or to substitute its judgment for that of the Commissioner. **Bowling v. Shalala**, 36 F.3d 431, 434 (5th Cir. 1994).

An unusual feature of the instant case is that Ms. Losoya has filed two separate applications for disability benefits. In each case, she was afforded an evidentiary hearing before an Administrative Law Judge. In each case, she was found to be not disabled and not entitled to benefits. The first decision was

issued by Administrative Law Judge Justilian Martin on November 8, 2011. As noted earlier, the second decision was issued on May 28, 2013 by Administrative Law Judge Jonathan Blucher. In each decision, the presiding ALJ found that Ms. Losoya was unable to perform any past relevant work. However, each decided that she retained the residual functional capacity to engage in substantial gainful activity, and therefore was not disabled. The difference was that ALJ Martin concluded that she only retained the capacity to perform sedentary work, while ALJ Blucher held that she retained the capacity to perform light work.

In requesting the Court to remand this case to the Commissioner for further proceedings, counsel for the Plaintiff asserts two claims. First, he claims that ALJ Blucher improperly relied upon medical expert testimony from the first hearing without actually obtaining a transcript of that testimony. Second, he complains that ALJ Blucher declined to give res judicata effect to the decision of ALJ Martin that Ms. Losoya retained the capacity to perform only sedentary work.

With respect to the first claim, the Commissioner correctly points out that the testimony of the medical expert, Dr. Dorothy Leone, was transcribed, that it is included in the administrative record in this case, and that it was available for review by ALJ Blucher. This claim is refuted by the record, and is without

5

merit. The second claim also lacks merit, for two reasons. First, each claim for benefits filed by Ms. Losoya asserted a different onset date and covered a different time period. It was not only proper, but necessary, to consider each claim and the evidence pertaining to it separately. Second, the decision of ALJ Martin dated November 8, 2011 was flawed in that the ALJ was laboring under a mistake of fact. Specifically, he was led to believe that Ms. Losoya had not engaged in any substantial gainful activity since May 25, 2010, when in truth and in fact, unknown to him, she had been employed, performing light work, from March 2011 to October 2011. Accordingly, ALJ Blucher did not err in declining to give res judicata effect to the decision of ALJ Martin in connection with Plaintiff's first claim for disability benefits.

The Court has reviewed the administrative record in this case, and the briefs filed by the Plaintiff and the Defendant. Having done so, the Court finds that the Commissioner evaluated the evidence in connection with this claim using the proper legal standards, and that substantial evidence supports the decision of the Commissioner. Therefore, the final decision of the Commissioner should be affirmed.

It is therefore ORDERED that judgment be, and it is hereby, ENTERED in favor of the Defendant, and that the decision of the Commissioner denying the Plaintiff's application for disability

benefits and for supplemental security income be, and it is hereby, AFFIRMED.

SIGNED AND ENTERED this 30th day of September, 2015.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE